IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51137
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONNE DESHON CLEVELAND,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CR-76-2-JN
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tyronne Deshon Cleveland pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute heroin. The plea agreement contained a waiver-of-appeal provision. Cleveland's sole argument before this court is that the waiver provision is unenforceable because the magistrate judge did not ask Cleveland if he had read and understood the waiver provision and because Cleveland received insufficient benefits from the plea agreement.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). The defendant must know that he had a right to appeal his sentence and that he is giving up that right. Id.; United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

Our review of the record reveals 1) that the plea agreement and the waiver-of-appeal provision were discussed in the plea agreement Cleveland signed, at Cleveland's guilty-plea hearing, and at sentencing before the district court accepted the magistrate judge's recommendation to accept the plea and 2) that Cleveland understood his right to appeal and waived it. See Portillo, 18 F.3d at 292-93. Cleveland's challenge to the waiver-of-appeal provision is without merit.

AFFIRMED.